**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARMEN TERESA HERNANDEZ RIVERA, et al | * * * |
| Plaintiffs | * * |
| v. | *   Civil No. 06-2066 (SEC) |
| PUEBLO SUPERMARKET, LLC, et al | * * * |
| Defendants | * * * |

**OPINION AND ORDER**

Pending before the Court is Pueblo International, LLC's (hereinafter the Defendant) motion to dismiss (Docket # 6), and the opposition thereto (Docket #8). After reviewing the filings and the applicable law, Defendant's motion will be **DENIED**.

**Factual Background**

The instant complaint is a claim for damages pursuant to Art. 1802 of the Puerto Rico Civil Code, 31 Laws of P.R. Ann, § 5141. Plaintiffs' complaint alleges that there is diversity jurisdiction in this case because all the parties at either side of the litigation are of diverse citizenship and the damages suffered by Plaintiffs exceed $75,000, as required by 28 U.S.C.A. § 1332. Plaintiffs seek relief for the damages suffered by Co-Plaintiff Carmen Teresa Hernández-Rivera (hereinafter Hernández) and, Wanda I. Santana, her daughter, (hereinafter Santana), when Hernández was allegedly hit by a shopping cart owned by the Defendant due to the negligence of one of Defendant's employees. Hernández claims that, as a result of the accident, she suffered fractures on her waist and shoulder, for which she had to undergo the surgical removal of her femur bone and the installation of a prosthesis. She also alleges that further surgery will be required to treat her fractured shoulder.

The complaint included a section for damages where Plaintiffs alleged that the Defendant is liable for the physical and mental suffering of Hernández and Santana, for the costs of the medical treatment necessary to make Hernández whole, and for Plaintiffs'

**Civil No. 06-2066(SEC)**                                                                                                                      2

economic loss . The complaint, however, did not contain a valuation of these damages; it merely requests that the Court find Defendant liable to Plaintiffs for the aforementioned damages to be proved at trial.

Defendant moved to dismiss. It argues that the complaint should be dismissed because "[a] review of the... complaint clearly shows that plaintiffs failed to state any specific amount for the damages and allegations contained in the Complaint which is allegedly owed by the herein appearing party towards Plaintiff " Docket # 6, p. 2.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(1)*

Fed. R. Civ. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id, U.S. v. Lahey Clinical Hosp., Inc., 399 F.3d 1, 8, n.6 (1st Cir. 2005); see also, Hernández-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005) (discussing application of Rule 12(b)(1) challenge in cases where the court allegedly has diversity jurisdiction).

When determining whether a party meets the amount-in-controversy minimum, the Court must apply the long standing test established in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). See, Spielman v. Genzyme Corp., 251 F. 3d 1, 5 (1st Cir. 2001). The test requires that in performing this inquiry the Court use the sum claimed by the plaintiff "if the claim is apparently made in good faith." Spielman, 251 F. 3d at 5; see also, Stewart v. Tupperware Corp., 356 F. 3d 335 (1st Cir. 2004). This general allegation "suffices unless questioned by the opposing party or the court." Stewart, 356 F. 3d at 338. If the defendant challenges the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal

**Civil No. 06-2066(SEC)**                                                                                                  3

certainty that the claim involves less than the jurisdictional amount." Id.  This can be done by amending the pleadings or by submitting affidavits. Spielman, 251 F. 3d at 5. Although the party may meet this burden by amending the pleadings, "jurisdiction is not conferred by the stroke of a lawyer's pen stroke... [w]hen challenged it must be adequately founded in fact." Diefenthal v. C.A.B., 681 F. 2d 1039, 1052.

Notwithstanding this rule, when a plaintiff does not allege a specific amount of damages, the "legal certainty test has limited utility - in fact is inapplicable- when the plaintiff has alleged an indeterminate amount of damages." St. Paul Reinsurance Co., Ltd. V. Greenberg, 134 F. 3d 1250, 1253 (5th Cir. 1998). When this happens, the Court must examine the complaint to determine whether "it is facially apparent that the claims exceed the jurisdictional amount." Id.. If it is not, then the Court can rely on "summary-judgment type evidence to ascertain the amount in controversy." Id.

### Applicable Law and Analysis

Defendant contends that diversity jurisdiction is lacking because Plaintiffs' complaint does not make specific allegations of damages that exceed the required $75,000 jurisdictional amount. We disagree. Although Plaintiffs' prayer did not include a specific amount of damages for which they sought relief, they did state in their complaint that such damages were above the jurisdictional amount of $75,000. See, Docket # 1, ¶ 1. However, Plaintiffs' failure to include a specific amount of damages does not end the jurisdictional inquiry. The Court must determine whether it is facially apparent from Plaintiffs' complaint that their claim exceeds $75,000. In making this determination, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed [the jurisdictional amount]." Allen v.R & Hoil & Gas Co., 63 F. 3d 1326 (5th Cir. 1995). If this test is not met, then the Court may require the parties to submit summary-judgment type of evidence to ascertain whether the amount in controversy exceeds $75,000. Id.

Plaintiffs opposed Defendant's motion to dismiss (see, Docket # 8), alleging that due

**Civil No. 06-2066(SEC)** 4

to Defendant's purported negligence, Plaintiffs have suffered the following damages: as to Hernández (1) she suffered fractures in her waist and shoulder; (2) she underwent surgery to remove the head of her femur and was given a prosthesis, (3) she was hospitalized for three months, (4) further surgery will be needed in regards to her fractured shoulder, (5) she has sustained major medical expenses, (6) she will need assistance with her daily chores, (7) she experienced physical and mental suffering, (8) she cannot engage in activities she enjoyed before; as to Santana, (1) she claims damages for the mental anguish suffered by her in seeing her mother's anguish and pain, (2) she also seeks compensation for the economic loss experienced by her as a result of having to take care of her mother, which prevents her from working.

We believe that Plaintiffs have averred sufficient facts to indicate that it is more likely than not that their claim exceeds the $75,000 jurisdictional amount required by 28 U.S.C.A. § 1332. Moreover, the Court find that it is not a legal certainty that they will be unable to recover damages in excess of $75,000. As such, Defendant's motion to dismiss for lack of diversity jurisdiction is **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of May 2007.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge